UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| Clifton J. Waiters, | ) | Civil Action No. 2:17-3227-BHH |
| Plaintiff, | ) | |
| vs. | ) | **OPINION AND ORDER** |
| Science Applications International Corporation, doing business as SAIC, | ) | |
| Defendants. | ) | |

This matter is before the Court for review of the Report and Recommendation entered by United States Magistrate Judge Bristow Marchant on May 10, 2019 ("Report"). (ECF No. 63.) In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 for the District of South Carolina, this case was referred to Magistrate Judge Marchant for pretrial handling. In his Report, the Magistrate Judge recommends that Defendant Science Applications International Corporation's, doing business as SAIC, ("Defendant" or "SAIC") motion to dismiss be granted in part and denied in part. (*See* ECF No. 63 at 23–24.) The Report sets forth in detail the relevant facts and standards of law, and the Court incorporates them here without recitation.[1]

**BACKGROUND**

The Magistrate Judge entered his Report on May 10, 2019, recommending: (1) that Defendants motion to dismiss be granted with respect to Plaintiff's Title VII failure to

---

[1] As always, the Court says only what is necessary to address Defendant's objections against the already meaningful backdrop of a thorough Report and Recommendation by the Magistrate Judge; exhaustive recitation of law and fact exists there.

1

promote claim, national origin retaliation claim, any state law claims, any claim for constructive discharge, and Plaintiff's hostile work environment claim; and (2) the motion to dismiss be denied with respect to Plaintiff's 42 U.S.C. § 1981 failure to promote claim, and Plaintiff's Title VII and § 1981 retaliation claim. (*Id.*) On May 31, 2019, Defendant filed objections challenging those portions of the Report that recommend denial of SAIC's motion and asserting that the Court should grant SAIC's motion in its entirety. (ECF No. 68.) On June 19, 2019, Plaintiff Clifton J. Waiters ("Plaintiff") filed a reply to Defendants' objections, requesting that the Court adopt the Report and allow the case to proceed to the discovery phase. (ECF No. 73.) The matter is ripe for consideration and the Court now makes the following ruling.

## **STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

**DISCUSSION**

The Court will confine its analysis to those portions of the Report to which Defendant raises a specific objection. Other than the Magistrate Judge's findings and recommendations with respect to Plaintiff's § 1981 failure to promote claim and Title VII and § 1981 retaliation claim, the parties agree that the Court should adopt the Report. (*See* ECF Nos. 68 at 1; 73 at 1.) Accordingly, the Court hereby adopts all findings and recommendations of the Magistrate Judge to which there has been no objection.

**A. Plaintiff's § 1981 Failure to Promote Claim**

The Magistrate Judge found that for purposes of a motion to dismiss Plaintiff met the standard established by the U.S. Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), through allegations sufficient to reasonably infer a *prima facie* case of race discrimination in the form of a failure to promote by showing: (1) he is a member of a protected class; (2) he was qualified for the job at issue; (3) he was subjected to an adverse employment action; and (4) the position was filled by someone who is not a member of his protected class, or there is some other evidence sufficient to give rise to an inference of unlawful discrimination. (ECF No. 63 at 9–10.) Accordingly, the Magistrate Judge concluded that Defendant is not entitled to dismissal of Plaintiff's § 1981 racial discrimination claim at this stage. (*Id.* at 11.)

Defendant argues that the Court should not adopt the recommendation to deny the motion to dismiss Plaintiff's § 1981 racial discrimination claim for two reasons: (1) Plaintiff fails to state facts to plausibly show he suffered an adverse employment action since he does not allege that he would have had any changes to the terms, conditions, or benefits of his employment if he were Theater Lead; and (2) Plaintiff does not allege sufficient

facts demonstrating SAIC's assignment of the Theater Lead position to Wes Hahn ("Hahn") was because of Plaintiff's race. (*See* ECF No. 68 at 2.)

With respect to the first argument, Defendant contends that the amended complaint fails to identify what the job responsibilities of the Theater Lead position were, or how that position compared to Plaintiff's undescribed position in terms of responsibility, compensation, benefits, conditions, and terms of employment. (*See* ECF No. 68 at 5, 7.) This argument is without merit and the cases cited by Defendant in support of it (*see id.* at 8–13) are unavailing. The clear import of Plaintiff's allegations in the amended complaint is that Defendant favored a white employee over him because of his race in appointing the white employee to a position that *would have been a promotion* for Plaintiff. The Court finds that this is sufficient to state a plausible claim for relief from race discrimination pursuant to § 1981. The Magistrate Judge was correct to conclude that the issue of whether or not the Theater Lead position would have been a promotion for Plaintiff is a fact to be determined based on the evidence. (*See* ECF No. 63 at 10–11.) This analysis evinces no error and the objection is overruled.

With respect to the second argument, Defendant contends that Plaintiff's allegations are insufficient to state a claim because he only asserts that a Caucasian male received the Theater Lead position, not that Plaintiff *did not* receive that position *because of* his race. (*See* ECF No. 68 at 7–8.) This argument, like the first, lacks merit and the cases Defendant cites in support of it (*see id.* at 13–16) do not bear Defendant's preferred conclusion on the viability of Plaintiff's claim. Defendant oversimplifies the allegations in the amended complaint, stating, "By alleging nothing more than that Plaintiff is a member of a protected class, and Hahn, who received the Theater Lead position, is not, Plaintiff's

4

Amended Complaint suffers from the same vagaries that resulted in dismissal of the *Carroll* [*v. United Parcel Serv. Inc.*, C/A No. 1:17-cv-03108-DCC, 2018 WL 4111017 (D.S.C.)] plaintiff's Section 1981 claim." (*Id.* at 14.) However, Plaintiff's allegations are not as devoid of detail as Defendant would suggest. Plaintiff's amended complaint asserts that Hahn had not completed the training that Plaintiff was informed was a prerequisite for eligibility for the position (*See* Am. Compl. ¶¶ 13–18, ECF No. 49), a fact which could tend to support the inference that the reason Plaintiff was passed over was because of his race. Moreover, Plaintiff alleges that three of his friends who were also African American applied for the position and were likewise passed over. (*Id.* ¶ 18.) Finally, Plaintiff draws the inference that race was a motivating factor behind the election of a Theater Lead in the context of his other allegations, which include a supervisor treating Plaintiff and his African American colleagues differently than Caucasian employees when it came to transportation between the various military bases where they worked. (*Id.* ¶ 22.) The Court finds that these allegations are sufficient to plausibly state a *prima facie* case that Plaintiff's race was part of Defendant's motive for not promoting Plaintiff. The Magistrate Judge's analysis evinces no error and the objection is overruled.

**B. Plaintiff's Title VII and § 1981 Retaliation Claim**

The Magistrate Judge found that the retaliation claim in Plaintiff's amended complaint does not exceed the scope of his Administrative Charge. (ECF No. 63 at 12.) Moreover, the Magistrate Judge concluded that Plaintiff's factual allegations are sufficient to reasonably infer a *prima facie* case of retaliation at this stage and the retaliation claim should be permitted to proceed both under Title VII and § 1981. (*Id.* at 12–15.)

Defendant first objects to this conclusion by arguing that Plaintiff failed to exhaust his administrative remedies because his charge of discrimination ("Charge") submitted to the Equal Employment Opportunity Commission ("EEOC") did not allege any facts of retaliation, and the Title VII retaliation claim is time barred. (*See* ECF No. 68 at 2, 17–19.) The Court disagrees with Defendant's assertion that Plaintiff's Charge is not reasonably related to the retaliation claim in his amended complaint. In the Charge, Plaintiff alleged that after complaining about racial discrimination in the form of the failure to promote, he was retaliated against on a regular basis, including Project Manager Tony Trodglen ("Trodglen") not giving Plaintiff rides to work sites for ten months while white employees received rides, Plaintiff being sent to three different bases all of which were more than two hours away, and Plaintiff being told that he needed training before he could get a promotion—which was allegedly not required of a white employee. (*See* ECF No. 52-2 at 2.) In the amended complaint, Plaintiff alleges that after he was passed over for the Theater Lead position: (1) he complained to Trodglen that he was being discriminated against because of his race; (2) he and other African American employees complained to Defendant's Human Resources Department; (3) he was subsequently retaliated against in his work assignments by being sent to three different bases all more than two hours away; (4) during this time period Trodglen would provide rides to white employees but not to Plaintiff and other similarly situated African American employees; (5) Hahn told Plaintiff that if he continued to complain he would be terminated; and (6) Trodglen told Plaintiff's African American coworker that if he and Plaintiff continued reporting the discrimination and retaliation they would be fired. (*See* Am. Compl. ¶¶ 18–26.) The Court finds that Plaintiff's allegations in the amended complaint are reasonably related to the contents of

his Charge and the objection is overruled.

Moreover, Defendant has not demonstrated that the Title VII retaliation claim is time barred. Given the date of Plaintiff's Charge, his Title VII claims are timely with respect to any alleged retaliatory acts that occurred on or after September 27, 2016. (*See* ECF No. 63 at 5–8.) The amended complaint sets out a series of events preceding the alleged failure to promote, including Plaintiff achieving certain job-related qualifications and receiving a pay raise by way of an agreement signed on July 14, 2016. (*See* Am. Compl. ¶¶ 11–14) Thereafter, Plaintiff alleges that his Theater Lead returned to the United States, creating an advancement opportunity for Plaintiff within the company, the opportunity for which he was passed over in favor of Hahn. (*Id.* ¶¶ 15–16.) The amended complaint does not specify the date on which Hahn was selected for the Theater Lead position but goes on to describe the course of allegedly retaliatory events listed above. (*Id.* ¶¶ 17–26.) Plaintiff alleges that in October "2017" he complained to Trodglen of discrimination in being passed over for the Theater Lead role, but this date is almost certainly a typographical error meant to reflect "2016." (*See id.* ¶ 19.) This is shown by the fact that the Charge is dated July 17, 2017 and *includes* Plaintiff's allegations of Trodglen having engaged in discrimination/retaliation over the course of ten months. (*See* ECF No. 52-2 at 2.) The amended complaint indicates that Plaintiff received the Notification of the Right to Sue from the EEOC on or about September 5, 2017, and the initial complaint was filed on November 30, 2017. (*See* Am. Comp. ¶ 2.b., ECF No. 49; ECF No. 1.) In other words, a common sense reading of the amended complaint reveals that the allegedly retaliatory conduct occurred between September 27, 2016 and July 17, 2017. Accordingly, Defendant has not shown that the Title VII retaliation claim is untimely and the objection

is overruled.

Defendant next objects by arguing that the Court should not accept the Magistrate Judge's recommendation that Plaintiff successfully stated a claim for retaliation. (*See* ECF No. 68 at 2–3.) Specifically, Defendant contends that the amended complaint does not allege facts to plausibly show Plaintiff suffered an adverse employment action or that a causal connection exists between Plaintiff's alleged report of discrimination and any such adverse action. (*Id.* at 19–23.)

With respect to the adverse employment action element, Defendant argues that the Magistrate Judge's findings rest on speculative inferences that are far outside the four corners of the amended complaint and therefore should not be adopted. (*Id.* at 20.) Essentially, Defendant asserts that the difference in transportation accommodations alleged by Plaintiff was merely a function of who carpooled to work with the boss, Trodglen, and that Plaintiff has not shown that his commuting route was more dangerous than his white comparators' route, or other similar factors, to demonstrate that this distinction in employment conditions was "adverse." (*Id.*) While it is true that the amended complaint is not the model of pleading clarity, the undersigned disagrees that the inferences drawn by the Magistrate Judge are impermissible. The same arguments that Defendant now raises in its objections, the Magistrate Judge addressed in Defendant's briefing on the motion, and indicated that he was "hesitant to dismiss this claim pursuant to a motion to dismiss at this point when the alleged retaliatory conduct potentially involves allegedly exposing Plaintiff to a dangerous situation which Plaintiff contends caused terror and fright." (ECF No. 63 at 14.) Moreover, the Magistrate Judge stated, "While Defendant minimizes the transportation allegation, this work situation involved

8

work in a foreign country, which may potentially have additional security parameters of concern that would not be present in a normal work situation." (*Id.*) The Court agrees with the Magistrate Judge's conclusions and finds no error therein. Plaintiff was working for a government contractor in a capacity that caused him to have to travel between military bases in Kuwait; it does not require undue speculation to conceive that security measures are an important aspect of an employee's wellbeing in that context, and that security measures may be improved when travelling with supervisory personnel. The Court finds that Plaintiff's allegations are sufficient to raise a reasonable expectation that discovery will reveal evidence to support the adverse action element of Plaintiff's *prima facie* case, and the objection is overruled. *See Gladden v. Solis*, 490 F. App'x 411, 412 (3d Cir. 2012) ("[T]o survive a motion to dismiss, a plaintiff need not establish the elements of a *prima facie* case; a plaintiff merely must 'put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element.'" (quoting *Fowler v. UPMC Shadyside,* 578 F.3d 203, 213 (3d Cir. 2009))); *see also Slade v. Hampton Roads Regional Jail*, 407 F.3d 243, 248 (4th Cir. 2005) ("Courts should not dismiss a complaint for failure to state a claim unless 'after accepting all well-pleaded allegations in the Plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief.'" (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999))).

With respect to the causal connection element, Defendant argues that Plaintiff's allegations are insufficient to establish a plausible inference of a causal connection between the alleged retaliatory conduct and Plaintiff's protected activity because Plaintiff does not state that the alleged retaliatory conduct occurred *as a result of* his report of

9

discrimination to Trodglen. (ECF No. 68 at 22.) Defendant further asserts that the amended complaint suffers from a lack of specificity as to how soon after the protected activity the retaliatory acts occurred. (*Id.* at 22–23.) The Court disagrees and finds that the retaliation cause of action states a *prima facie* claim as to the causal connection element. Plaintiff alleges: that he successfully completed prerequisite career training in July of 2016 (Am. Compl. ¶ 14); that he applied for a newly opened Theater Lead position but was passed over in favor of Hahn who was less qualified (¶¶ 15–16); that rumors began over several months that Hahn had not completed the training that Plaintiff was told was required for the job (¶ 17); that Plaintiff made several inquiries as to how Hahn was awarded the position if he lacked the necessary training (¶ 18); that Plaintiff complained to Trodglen that he was being discriminated against in or about the beginning of October 2016[2] (¶ 19); that "[a]fter reporting the discrimination, Plaintiff started being retaliated against after he complained" (¶ 20), that "[a]fter Plaintiff's reports of discrimination, Plaintiff was retaliated against by Mr. Trodglen and Mr. Hahn" (¶ 22), and that both Trodglen and Hahn threatened to fire Plaintiff if he continued complaining about racial discrimination (*see* ¶¶ 25–26). Defendant's objection in this regard fails to reveal any error in the Magistrate Judge's reasoning or conclusions, and it is overruled.

Finally, the Defendant argues that the Magistrate Judge erred by finding that Plaintiff exhausted his administrative remedies with regard to his Title VII hostile work environment cause of action because the Charge is devoid of any facts to put SAIC on notice of the substance of any such claim. (*See* ECF No. 68 at 3.) However, this point is moot because the Court has already indicated its intent (*supra* at 3) to adopt the

---

[2] *See* explanation *supra* at page 7 for why the "October 2017" date given in the amended complaint almost certainly references Plaintiff reporting the alleged race discrimination in October *2016*.

10

Magistrate Judge's recommendation that the hostile work environment claim be dismissed for failure to state a claim. (*See* ECF No. 63 at 19–22.) Accordingly, the objection is overruled.

## **CONCLUSION**

After careful consideration of the relevant materials and law, and for the reasons set forth above, the Court ADOPTS the Report (ECF No. 63) of the Magistrate Judge and incorporates it herein. Accordingly, Defendant SAIC's objections are OVERRULED, and the motion to dismiss Plaintiff's amended complaint (ECF No. 52) is GRANTED in part and DENIED in part. Specifically, the motion to dismiss is GRANTED with respect to Plaintiff's Title VII failure to promote claim, national origin retaliation claim, state law claims, constructive discharge claim, and hostile work environment claim; the motion to dismiss is DENIED with respect to Plaintiff's 42 U.S.C. § 1981 failure to promote claim, and Title VII and § 1981 retaliation claim.

**IT IS SO ORDERED.**

/s/ Bruce Howe Hendricks
United States District Judge

September 18, 2019
Charleston, South Carolina