UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Clifton J. Waiters,<br><br>                Plaintiff,<br><br>vs.<br><br>Science Applications International Corporation, doing business as SAIC,<br><br>                Defendant.<br>_____ | Civil Action No. 2:17-3227-BHH<br><br><br><br>**OPINION AND ORDER** |

This matter is before the Court for review of the Report and Recommendation entered by United States Magistrate Judge Molly H. Cherry on March 11, 2021 ("Report"). (ECF No. 157.) In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 for the District of South Carolina, this case was referred to Magistrate Judge Cherry for pretrial handling. In her Report, the Magistrate Judge recommends that Defendant Science Applications International Corporation's, doing business as SAIC ("SAIC"), motion for summary judgment be granted and this action be dismissed. (*See id.* at 28.) The Report sets forth in detail the relevant facts and standards of law, and the Court incorporates them here without recitation.[1]

## BACKGROUND

The Magistrate Judge entered her Report on March 11, 2021, recommending summary judgment be granted in favor of SAIC on Plaintiff Clifton J. Waiters' ("Plaintiff")

---

[1] As always, the Court says only what is necessary to address Plaintiff's objections against the already meaningful backdrop of a thorough Report and Recommendation by the Magistrate Judge; exhaustive recitation of law and fact exists there.

1

failure to promote claim under 42 U.S.C. § 1981, and retaliation claim under § 1981 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (*See* ECF No. 157.) On April 2, 2021, Plaintiff filed objections challenging various portions of the Report. (ECF No. 163.) On April 16, 2021, SAIC filed a reply to Plaintiff's objections, requesting that the Court adopt the Report and dismiss this action. (ECF No. 164.) The matter is ripe for consideration and the Court now makes the following ruling.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## DISCUSSION

The Court will confine its analysis to those portions of the Report to which Plaintiff raises a specific objection. Accordingly, having carefully reviewed all other portions of the Report in light of the record and finding no error therein, the Court adopts all findings and recommendations of the Magistrate Judge to which there has been no specific objection.

### A. Prima Facie Case of Discrimination

Plaintiff first objects to the Report by asserting that the Magistrate Judge's analysis regarding the lack of any evidence to substantiate an adverse employment action "is flawed because it fails to acknowledge the fact that for the Plaintiff the Theater Lead position was a stepping stone to becoming a Project Manager." (ECF No. 163 at 1–2.) Plaintiff further asserts, "despite [SAIC] maintaining that Wes Hahn's move was a 'transfer,' the record reflects otherwise." (*Id.* at 2.)

The Court finds that Magistrate Judge Cherry correctly concluded that Plaintiff did not satisfy the second element of a *prima facie* case of discrimination because Plaintiff presented no evidence that Wesley Hahn's ("Hahn") transfer into the Theater Lead role had any material adverse impact on the terms, conditions, or benefits of Plaintiff's employment. (ECF No. 157 at 14–15.) The record evidence establishes that Plaintiff was not demoted, his pay was not decreased, none of his employment benefits were decreased or removed, and his job responsibilities were not diminished or reduced. (*Id.*) Moreover, undisputed evidence shows that Plaintiff received two pay raises and promotion to a higher labor category after Hahn became the Theater Lead. (*Id.*) In fact, the first pay raise, received the same month that Hahn became Theater Lead, led to Plaintiff earning a higher hourly wage than Hahn. (*Id.* at 14.) The objection fails to show any error in the Magistrate Judge's findings or conclusions regarding the lack of a *prima facie* case of discrimination; it is therefore overruled.

### B. Failure to Promote Claim

Plaintiff next objects to Magistrate Judge Cherry's finding that Plaintiff cannot establish the second element of a *prima facie* case of discriminatory failure to promote

3

because he did not apply for the Theater Lead position. Plaintiff contends that he "did in fact *seek* to apply for the desired position. He met with James A. 'Tony' Trodglen and discussed the steps he needed to take to 'get to the next level' and how to 'progress on the NIWC contract.'" (ECF No. 163 at 2–3 (emphasis added).)

The Court finds that the Magistrate Judge correctly concluded that Plaintiff failed to present evidence sufficient to show that he applied for the Theater lead position to state a *prima facia* case of failure to promote. (*See* ECF No. 12–14.) In his deposition, Plaintiff testified that he did not apply for the position. (*Id.* at 12.) Furthermore, the undisputed evidence shows that there was no position to apply for because Hahn was transferred to the Theater Lead position when SAIC learned that the Marine Corps MRAP Program in Kuwait had been unexpectedly cancelled, such that SAIC needed to reallocate the personnel working on that program, including Hahn. (*Id.* at 13.) The objection is overruled because it fails to demonstrate any factual or legal error in Magistrate Judge Cherry's reasoning or conclusions.

**C. Legitimate Non-Discriminatory Reason and Evidence of Pretext**

Plaintiff next objects to the Magistrate Judge's findings that SAIC proffered a legitimate, non-discriminatory reason for choosing Hahn over Plaintiff, and that the reason was not pretextual in nature. (ECF No. 163 at 3.) He states, "The record in this case has established circumstantial evidence in support of the Plaintiff's claims by setting forth a demonstrated pattern of discriminatory behavior toward African Americans." (*Id.*)

The objection is conclusory and reveals no basis upon which to deviate from the sound reasoning and conclusions of Magistrate Judge Cherry. The Court finds that the Magistrate Judge was correct to conclude that SAIC presented evidence of a legitimate,

4

non-discriminatory reason to put Hahn in the Theater Lead position—namely, he was the most qualified based on the criteria that SAIC deemed relevant. (*See* ECF No. 157 at 15–16.) Moreover, Magistrate Judge Cherry correctly found that Plaintiff failed to produce evidence showing that but for his race, he would have been selected as Theater Lead. (*See id.* at 16–21.) Plaintiff's unsupported contention regarding a "pattern of discriminatory behavior" is based on a single allegation made not by Plaintiff, but by an unknown person through SAIC's anonymous, third-party hotline, that four African American males were qualified, but passed over, for the Theater Lead position. (*Id.* at 6.) Plaintiff testified that he never made a complaint over the hotline and did not even know that SAIC had an anonymous hotline. (*Id.* at 6–7.) Plaintiff failed produce evidence sufficient to create a genuine question as to whether SAIC's proffered reason for placing Hahn, not Plaintiff, in the Theater Lead role was pretextual. Accordingly, the objection is overruled.

### D. Retaliation Under Title VII and 42 U.S.C. § 1981

Finally, Plaintiff objects to the Magistrate Judge's conclusion that Plaintiff failed to establish a *prima facie* case of retaliation because he has not shown that he engaged in protected activity. Plaintiff argues that there was a phone call with Human Resources ("HR") to discuss the allegations of discrimination, that the phone call was a follow-up to an email sent by Tim Jennings ("Jennings") stating his concerns on behalf of a group of colleagues who "had the same problem," and that Jennings copied Plaintiff on the email, thereby identifying him as one such colleague. (ECF No. 163 at 3–4.)

The Court finds that Magistrate Judge Cherry correctly concluded that Plaintiff failed to demonstrate he engaged in protected activity. (*See* ECF No. 157 at 21–28.)

5

Plaintiff testified that he did not participate in the call with HR and that he did not independently contact HR with a summary of his individual concerns (*Id.* at 24–25.) As such, the Magistrate Judge was right to find that there "simply is no evidence in the record that Plaintiff made any complaints of race discrimination to HR, Trodglen, or any other management employee at SAIC, or engaged in any other type of activity that would have put SAIC on notice that Plaintiff opposed discriminatory conduct[.]" (*Id.* at 25.) Therefore, the objection is overruled.

## **CONCLUSION**

After careful consideration of the relevant materials and law, and for the reasons set forth above, the Court ADOPTS the Report (ECF No. 157) of the Magistrate Judge and incorporates it herein. Accordingly, Plaintiff's objections are OVERRULED, and SAIC's motion for summary judgment (ECF No. 143) is GRANTED. There being no surviving claims, this action is DISMISSED.

**IT IS SO ORDERED.**

/s/ Bruce Howe Hendricks
United States District Judge

March 23, 2022
Charleston, South Carolina